113 F.3d 1241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose De Jesus GONZALEZ-RUANO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70616.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 29, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges
 MEMORANDUM**
 Jose de Jesus Gonzalez-Ruano, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order sustaining the Immigration and Naturalization Service's ("INS") appeal. The BIA reversed the immigration judge's ("IJ") order granting Gonzalez-Ruano's application for suspension of deportation. The BIA denied the application on the ground that Gonzalez-Ruano failed to establish good moral character. The BIA also found Gonzalez-Ruano ineligible for voluntary departure based on his lack of good moral character. We have jurisdiction under 8 U.S.C. § 1105a(a). We review the BIA's denial of suspension of deportation for an abuse of discretion. See Torres-Guzman v. INS, 804 F.2d 531, 532 (9th Cir.1986). Because we find the BIA abused its discretion by failing to consider all the relevant factors, we grant the petition and reverse and remand for further proceedings.
 An alien seeking suspension of deportation must establish (1) continuous physical presence in the United States for at least seven years; (2) good moral character; and (3) that deportation would result in extreme hardship to petitioner or his spouse, parent, or child who is a citizen or lawful permanent resident. See Limsico v. INS, 951 F.2d 210, 213 (9th Cir.1991); 8 U.S.C. § 1254(a)(1). Although the BIA has wide discretion to determine if an applicant has demonstrated "good moral character," it abuses its discretion if it fails to consider all relevant factors. See Torres-Guzman, 804 F.2d at 533.
 Gonzalez-Ruano contends that the BIA examined only unfavorable evidence and ignored evidence in his favor. Specifically, he claims that it was an abuse of discretion not to consider (1) his long history of employment, (2) his community service, (3) his family ties, and (4) the fact that he has been paying income taxes.
 Because the record indicates Gonzalez-Ruano presented favorable evidence relevant to the BIA's determination which it did not consider, we remand to the BIA for its full consideration of both the favorable and unfavorable factors. See id. at 533-34.
 PETITION FOR REVIEW GRANTED; CASE REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The government's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3